UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON MOORE, | ) | CASE NO. 4:04CR00288 |
| | ) | 4:15CV00894 |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | (Resolving Docs. 42, 45, 52) |

The instant matter is before the Court upon Petitioner Jason Moore's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 42. Moore later filed a *pro se* motion to strike his motion to vacate. Doc. 45. He subsequently obtained counsel who filed a motion for leave to file a supplemental memorandum *instanter* in support of his §2255 motion. Doc. 52. This motion for leave to supplement is GRANTED; and therefore, Moore's motion to strike is DENIED. After reviewing the original motion to vacate and supplemental memorandum, along with the record and applicable case law, Moore's motion for relief under §2255 is DENIED.

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

1

**II.     FACTS**

On February 7, 2004, Moore and a co-defendant entered a convenient store in Liberty, Ohio, with guns drawn. Doc. 25 at 3-4. As set forth in the plea agreement, Moore stipulated that he handcuffed the store's cashier in the rear of the business and attempted to "obtain monies in the custody, possession and presence of the employee of the One Stop Mart by means of actual and threatened force, violence and fear of immediate injury to the employee." Doc. 25 at 4. At the time of the attempted robbery, Moore was a convicted felon and was in possession of a Browning, .25 caliber semi-automatic pistol loaded with 12 rounds of ammunition. Doc. 25 at 4.

Moore was subsequently arrested and pled guilty to one count each of attempting to interfere with commerce by threats or violence, using and carrying a firearm during and in relation to a crime of violence, and being a felon in possession. Doc. 25 at 2. On November 17, 2004, he was sentenced to 77 months, to run concurrent, for attempting to interfere with commerce by threats or violence and being a felon in possession. Doc. 38. He was also sentenced to 84 months for using and carrying a firearm during a crime of violence, which is also referred to as a "Hobbs Act Robbery." Doc. 38. The sentence of 84 months was ordered to run consecutive to the 77-month sentence for the remaining two counts. Doc. 38.

Eleven years later, on May 4, 2015, Moore filed a *pro se* motion to vacate his sentence under 28 U.S.C. §2255. Doc. 42. He then, for the first time, filed a notice of appeal with the U.S. Court of Appeals for the Sixth Circuit, which was dismissed as untimely. Docs. 46 and 48. Moore filed a *pro se* motion to strike his §2255 motion to vacate, stating that he intended to re-file it using a different form. Doc. 45. He later obtained counsel, and his attorney filed a motion for leave to file a supplemental memorandum *instanter* in support of his §2255 motion. Doc. 52.

**III.     LAW AND ARGUMENT**

The grounds for relief set forth in Moore's *pro se* §2255 motion are denied as untimely, since they were asserted 11 years after sentencing. However, Moore raises certain legal arguments in his supplemental memorandum that are timely for review. Specifically, Moore argues that the Court must vacate his conviction for the Hobbs Act Robbery, because it does not meet the requirements of 18 U.S.C. §924(c)(3). Section 924(c) imposes mandatory minimum sentences for anyone who uses or carries a firearm during or in relation to a "crime of violence." The statute defines crime of violence as:

> [A]n offense that is a felony and—
>
> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3); *see also U.S. v. Taylor*, 814 F.3d 340 (6th Cir. 2016).

Subsection (A) describes an offense where physical force is an element of the crime. Subsection (B) details a residual clause for an offense that "by its nature" involves a substantial risk that physical force may be used. Moore argues that the Hobbs Act Robbery does not fit within Subsection (A). He then argues that the residual clause should be found unconstitutional for vagueness pursuant to the Supreme Court's holding in *Johnson v. United States,* ––– U.S. –––, 135 S.Ct. 2551 (2015). The Court notes that Moore does not argue that the residual clause would not apply if found constitutional. Instead, his argument focuses solely on the conviction being void because the residual clause is too vague under *Johnson*. Because the issue of the residual clause has

3

been addressed directly by the Sixth Circuit and is dispositive of Moore's motion, the Court will not address the issue of Subsection (A) but instead focuses its analysis on the residual clause.

Moore argues that the residual clause in §924 and the residual clause in the Armed Career Criminal Act (ACCA) are similar in their language. In *Johnson v. United States*, the Supreme Court invalidated the ACCA residual clause for being unconstitutionally vague. *Id.* Moore analogizes the two clauses and seeks a declaration from this Court that the residual clause under §924(c)(3)(B) is equally vague and unconstitutional.

The Sixth Circuit was faced with this very issue in *U.S. v. Taylor,* 814 F.3d 340 (6th Cir. 2016). In *Taylor*, the defendant specifically argued that the residual clause in §924(c)(3)(B) is unconstitutional for vagueness pursuant to the Supreme Court's analysis in *Johnson*. The Sixth Circuit rejected this argument and held: "Because §924(c)(3)(B) is considerably narrower than the statute invalidated by the court in *Johnson*, and because much of *Johnson's* analysis does not apply to §924(c)(3)(B), *** the [defendant's] argument that *Johnson* effectively invalidated §924(c)(3)(B) is accordingly without merit." *Id.* at 375, 379. Thus, the residual clause of §924(c)(3) is not unconstitutionally vague and properly applies to Moore's conviction for the Hobbs Act Robbery.

Because the residual clause applies to Moore's conviction, there is no need to further analyze his conduct under the physical force clause of §924(c)(3)(A). Moore's arguments are without merit, and his motion to vacate under §2255 is DENIED.

**IV. CONCLUSION**

For the foregoing reasons, Petitioner Jason Moore's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: January 6, 2017          <u>**/s/ *John R. Adams***</u>
                                **JOHN R. ADAMS**
                                **UNITED STATES DISTRICT JUDGE**